## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2016, 7:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert Neale
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Neale,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 21, 2016

Court of Appeals Case No.
33A05-1605-PL-1211

Appeal from the Henry Circuit Court

The Honorable Kit C. Crane, Judge

Trial Court Cause No.
33C02-1602-PL-5

**Vaidik, Chief Judge.**

[1] Robert Neale, who is serving a lengthy prison sentence for child molesting, filed a lawsuit against the State and the Indiana Department of Correction alleging

that they had violated his Fifth Amendment right against self-incrimination by taking away credit time, privileges, and visitation in response to his refusal to admit his guilt as part of Indiana's Sex Offender Management and Monitoring ("SOMM") program. The trial court dismissed the suit, agreeing with the State that our Supreme Court rejected the same claim in *Bleeke v. Lemmon*, 6 N.E.3d 907 (Ind. 2014). On appeal, Neale does not even mention that Supreme Court ruling. Instead, he relies on this Court's earlier holding—**in the same case**—that "[t]he SOMM program's requirements violate the Fifth Amendment." *Bleeke v. Lemmon*, 982 N.E.2d 1040, 1054 (Ind. Ct. App. 2013). But that is the precise holding that our Supreme Court subsequently rejected in its own opinion. *See* 6 N.E.3d at 940 ("[The SOMM program's] requirements do not violate the Fifth Amendment's privilege against self-incrimination."). We, of course, are bound by our Supreme Court's decision in *Bleeke*, and Neale does not give us a reason to distinguish his case from that case.

Affirmed.

Bradford, J., and Brown, J., concur.